JAY CLAYTON
United States Attorney for the
Southern District of New York
Attorney for the United States of America
By:     DAVID J. KENNEDY
        TOMOKO ONOZAWA
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, New York 10007
Telephone (212) 637-2733/2721
david.kennedy2@usdoj.gov
tomoko.onozawa@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> TOWN OF BEEKMAN, <br><br> Defendant. | **COMPLAINT** <br><br> 26 Civ. ____ (_____) |

Plaintiff the United States of America, by its attorney Jay Clayton, United States Attorney for the Southern District of New York, alleges as follows:

## PRELIMINARY STATEMENT

1. This is a civil action for declaratory relief, injunctive relief, and monetary damages under the Fair Housing Act, as amended, 42 U.S.C. § 3601, *et seq*. (the "FHA"), brought by the United States of America to redress discrimination on the basis of disability.

2. As alleged more fully below, the Town of Beekman ("Beekman" or the "Town") has prevented Bunkhouse Recovery Ranch NY LLC from operating an existing residential property as a sober living home with twelve male residents in recovery from drug or alcohol addiction.

3. Defendant's conduct violates the FHA and should be declared unlawful and enjoined, and appropriate monetary damages should be awarded.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. § 3614(a).

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because the events or omissions giving rise to the United States' claims occurred there, and the property that is the subject of this suit is located in Dutchess County, within the Southern District of New York.

## PARTIES AND PROPERTY AT ISSUE

6. Plaintiff is the United States of America.

7. Defendant Beekman is a unit of local government organized under the Constitution and laws of the State of New York. Beekman has the capacity to sue and be sued.

8. Bunkhouse Recovery Ranch NY LLC is the lessee of a 4,650 square foot property with four bedrooms and three bathrooms located at 237 Hynes Road in the hamlet of Poughquag, New York, and is therefore in Beekman. The structure at this location was a single-family home, and the structure predates Bunkhouse Recovery Ranch NY LLC. The proposed sober home for this property is referred to herein as "Bunkhouse."

9. The residents who would live at Bunkhouse are persons with disabilities within the meaning of 42 U.S.C. § 3602(h),[1] in that prospective residents at Bunkhouse are men in

---

[1] Throughout this Complaint, the United States uses the term "disability" instead of "handicap." For purposes of the FHA, the terms have the same meaning. *See Helen L. v. DiDario*, 46 F.3d 325, 330 n.8 (3d Cir. 1995) ("The change in nomenclature from 'handicap' to 'disability' reflects Congress' awareness that individuals with disabilities find the term

2

recovery from drug and/or alcohol addiction who are not currently using such substances.

10. The Planning Board of the Town of Beekman ("Planning Board") is an agency of Beekman established by the Town Board pursuant to N.Y. Town Law § 271.

11. The Zoning Administrator of the Town of Beekman ("Zoning Administrator") is an individual appointed by the Town Board who is authorized by law to administer and enforce the provisions of the Town's Zoning Code. N.Y. Town Law § 138; Beekman Town Code § 155-4.

12. Bunkhouse is a "dwelling," as defined by 42 U.S.C. § 3602(b).

## FACTUAL ALLEGATIONS

13. Bunkhouse seeks to assist persons who are in recovery from alcoholism or drug addiction to achieve and maintain sobriety, with a focus on veterans, first responders, and family members of veterans or first responders. It proposes to provide peer-to-peer guidance and services in the areas of crisis intervention, mental health awareness, substance abuse prevention, advocacy and support services, and recovery support. Residents would commit to twelve to thirty-six months in this sober living arrangement.

14. Patrick Potter ("Potter") is the founder, owner, and managing director of Bunkhouse Recovery Ranch NY LLC.

15. Sober living homes such as Bunkhouse are designed to provide stable housing for persons recovering from alcohol or drug addiction. A sober living home is typically a single-family house whose layout is intended to facilitate the development of relationships of several residents, all of whom are in recovery from alcohol or drug addiction. Through this model,

---

'handicapped' objectionable."), *cert. denied sub nom.*, *Pa. Sec'y of Pub. Welfare v. Idell S.*, 516 U.S. 813 (1995).

3

residents can avoid feelings of isolation and loneliness, which have been shown to contribute to relapse, by sharing bedrooms and having the ability to congregate and socialize in communal living spaces. These communal living arrangements encourage residents to hold each other accountable for their actions to prevent relapse. A critical mass of residents is typically necessary for this model to succeed therapeutically: Recovery requires a close community to provide structure and accountability.

16. Consistent with this model, in 2023, Potter sought to develop a sober living home in New York State for the benefit of male veterans, first responders, and family members of veterans or first responders. In June 2023, Potter contacted Jessica Peterson, the Beekman Town Zoning Administrator (the "Zoning Administrator") to determine whether Beekman would support such a home. The Zoning Administrator supported the concept at the time.

17. Based on his initial discussions with the Zoning Administrator and members of the Beekman Planning Board in November 2023, Potter closed on an existing residential property at 237 Hynes Road and leased the property back to Bunkhouse Recovery Ranch NY LLC.

18. By letter dated December 22, 2023, Potter requested that he be added to the agenda for the Town Board Meeting on January 3, 2024, to provide advance notice of his intent to seek Town Board approval of Bunkhouse.

19. By email dated December 28, 2023, however, Craig M. Wallace, an attorney for the Town (the "Town Attorney"), advised Potter that "[s]ince this project will be the subject of site plan review before the Town Planning Board, the Town Board will have no jurisdiction over any part of this project."

20. On January 17, 2024, an attorney for Potter responded to the Town Attorney and explained that Potter would be seeking the Zoning Administrator's agreement that he need not submit a site plan to the Planning Board, pursuant to Beekman Town Code § 155-59(C)(3):

> In the case of a use conversion, which does not require additional construction or site modifications, or in the case of minor changes requiring a building permit, the Planning Board may determine that the site plan application procedures outlined herein are not applicable. This determination shall be made by the Planning Board, in writing, after receipt of a recommendation from the Zoning Administrator.[2]

21. On January 29, 2024, Potter met with the Zoning Administrator and an engineer at the property, and explained that under federal law, as well as Town Code § 155-59(C)(3), he was not obliged to undergo the site plan application process. In response, however, the Zoning Administrator advised that Potter still needed to submit a site plan approval application, because "this type of facility would still fall under Alternate Care Facility."

22. Under the Beekman Town Code, however, an "[a]lternate-care facility or nursing home," which would require a special use permit, is "[a] facility designed for housing three or more persons who are unable to live and work independently at a particular time and providing for their specific needs." Town Code § 155-4. Section 155-28 of the Town Code separately requires that alternate-care facilities and nursing homes "shall comply with all applicable state laws and regulations governing nursing homes and alternate-care facilities." None of these definitions apply to a sober living home, which is not a clinical facility subject to state licensing requirements or other state laws and regulations applicable to nursing homes and alternate-care facilities.

---

[2] The Town of Beekman Code ("Town Code") is available at https://ecode360.com/BE1259.

23. Instead, Bunkhouse functions as a single-family home of one or more persons who are capable of living and working independently yet have voluntarily chosen to live in a household whose goal is to support each member's recovery from drug or alcohol addiction.

24. Without conceding the correctness of the Town's insistence, through its agents, that additional applications were necessary to use an existing residential property as a sober home, Potter submitted a Special Use Permit Application and an Application for Site Plan Approval to the Planning Board on February 27, 2024. (*See* Exhibit A.)

25. An engineer approved by the Town advised Potter that to obtain Site Plan Approval, he needed to obtain additional reports that would cost Potter over $50,000, which well exceeded his existing financial resources and effectively prevented him from operating the sober living home.

26. In April 2024, Potter, through counsel, requested that the Zoning Administrator grant an exception to the Town's requirement that Bunkhouse submit a Site Plan and incur related costs, but Beekman denied that request.

27. By letter dated June 14, 2024, Potter withdrew the applications for the Special Permit and Site Plan, and, citing specific statutory provisions of the Americans with Disabilities Act and the Fair Housing Act, "urge[d] the town to make a reasonable accommodation for the Bunkhouse Recovery Ranch." (Exhibit B.) Potter's letter noted that a "family" is defined in the Town's zoning code as "[o]ne or more persons living together as a single housekeeping unit," which "qualifies [as] a sober living arrangement" that "involves residents living together in a single-family home." (Exhibit B (citing Town Code § 155-4 (definition of "Family").)

28. On June 24, 2024, counsel for Potter sent a letter to Beekman stating that preventing Bunkhouse from operating a sober living home "would constitute illegal

discrimination under both the Fair Housing Act (FHA) and the Americans with Disabilities Act (ADA)." (Exhibit C.)

29.　On July 15, 2024, the Zoning Administrator wrote to Potter and stated that Bunkhouse's proposed use was similar to that of a "boardinghouse," a "rooming house" or an "alternate-care facility," but was not a "single-family dwelling" under the Town Code, which is defined as "[a] building containing one dwelling unit designated and used exclusively for occupancy by one family." (Exhibit D (citing Town Code § 155-4)). The Zoning Administrator therefore denied Potter's request for a reasonable accommodation to treat Bunkhouse's proposed use as a "single-family" use, claiming that "[t]his is the first-time there has been any request for such an interpretation." The Zoning Administrator advised Potter that he had 30 days to appeal her determination to the Zoning Board of Appeals. (Exhibit D.)

30.　On October 17, 2024, the U.S. Attorney's Office for the Southern District of New York (the "USAO") sent a preliminary inquiry to Beekman, to prompt the Town to make the reasonable accommodation. (Exhibit E.) As the Town Zoning Administrator had determined, the USAO noted that Bunkhouse is located in zoning district R-45, where a "Residential: dwelling, single-family (detached)" is permitted by right. The USAO further noted that a sober living home is typically operated as a single-family house to facilitate the recovery of its residents. The USAO also pointed out that, contrary to the impression left by the Zoning Administrator in her letter of July 15, 2024, section 155-4 of the Town Code defines "family" not in the limited sense of a nuclear family unit of members who are related to one another, but instead as: "[o]ne or more persons living together as a single housekeeping unit," which is consistent with Bunkhouse's structure and purpose. Thus, the letter from the USAO concluded, Bunkhouse is entitled as of right to operate without a special use permit in the R-45 zoning district.

31. Town Counsel responded by letter dated December 3, 2024. (Exhibit F.) Beekman failed to respond to the USAO's legal analysis, but argued lack of ripeness instead: "[t]he ZBA [Zoning Board of Appeals] never had an opportunity to consider the proposed sober living residence as a single family dwelling because Mr. Potter failed to exhaust his administrative remedies by appealing the initial determination of the [Zoning Administrator] to the ZBA. This body was denied the opportunity to flesh out the facts surrounding the proposed residence." (Exhibit F, at 2.)

32. To address the ripeness defense raised by Beekman, Potter filed an appeal with the ZBA on December 26, 2024, and sought a use variance in the alternative. (Exhibit G.)

33. However, Beekman rejected the appeal and the use variance request by letter dated March 10, 2025, on the ground that the appeal was untimely because it was not submitted within 60 days of the Zoning Administrator's decision. (Exhibit H.)

34. Potter went back to the drawing board, and on April 15, 2025, filed applications for a special use permit and site plan approval which reduced the number of residents from 16 to 12. (Exhibit I.)

35. Over ten months later, the Town has taken no action on Potter's application. Bunkhouse's applications for a special use permit and site plan approval have not appeared on the Beekman Planning Board's agenda, which confirms that the Town has not taken nor intends to take any action on Potter's applications.

36. Each month that Potter is unable to operate the property results in people with disabilities being denied essential support services. Since June 2024, as a result of Beekman's actions, Bunkhouse has been unable to provide any services to people with disabilities. Potter has

turned away approximately fifty potential residents since June 2024 and referred them to other providers.

37. Each month that Potter is unable to operate the property as a sober living home results in lost income, with twelve beds per month at $8,500 each, for a total monthly loss of $102,000.

38. Beekman's failure to provide Bunkhouse with the requested accommodation is part of a pattern and practice of discrimination. Beekman does not have any policy or procedure for reasonable accommodations to its zoning and land use laws. Beekman's zoning code does not contain a process for granting reasonable accommodations to its zoning and land use laws to afford persons with disabilities an equal opportunity to use and enjoy a dwelling pursuant to the Fair Housing Act. *See* 42 U.S.C. § 3604(f)(3)(B).

39. Beekman's discriminatory actions were intentional, willful, and taken in disregard of the rights of Bunkhouse and Potter.

## CLAIM FOR RELIEF

40. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 39 of this Complaint as if fully set forth in this paragraph.

41. Bunkhouse, a sober living home, is a "dwelling" within the meaning of 42 U.S.C. § 3602(b).

42. The residents who would live at Bunkhouse are persons with disabilities within the meaning of 42 U.S.C. § 3602(h).

43. Bunkhouse, its owner and prospective residents, and other persons and/or agencies who may have been the victims of Beekman's discriminatory conduct are "aggrieved

persons" within the meaning of 42 U.S.C. §§ 3602(i) and 3614(d)(1)(B), and have suffered harm and damages as a result of Beekman's conduct.

    44.    Defendant Beekman's actions described above constitute:

    a. discrimination in the sale or rental, or otherwise making unavailable or denying a dwelling because of disability, in violation of the Fair Housing Act, 42 U.S.C. § 3604(f)(1)(A);

    b. discrimination in the terms, conditions, and privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of disability, in violation of the FHA, 42 U.S.C. § 3604(f)(2); and

    c. a refusal to make reasonable accommodations in rules, policies, practices, or services when such accommodations may be necessary to afford a person with a disability equal opportunity to use and enjoy a dwelling, in violation of the FHA, 42 U.S.C. § 3604(f)(3)(B).

    45.    Defendant has acted intentionally, willfully, and in disregard for the rights of others.

    46.    Beekman's actions as described above constitute a pattern or practice of resistance to the full enjoyment of rights granted by the Fair Housing Act, or a denial of rights protected by the Fair Housing Act to a group of persons, which denial raises an issue of general public importance, in violation of 42 U.S.C. § 3614(a).

    WHEREFORE, Plaintiff the United States requests that the Court enter judgment:

    1.    Declaring that Beekman's policies, practices and/or conduct as set forth above violate the Fair Housing Act, as amended, 42 U.S.C. § 3601, *et seq.*;

    2.    Ordering Beekman to take all affirmative steps to ensure compliance with the Fair

Housing Act, including steps necessary to prevent the recurrence of any discriminatory conduct in the future and to eliminate to the extent practicable the effects of its unlawful housing practices as described herein;

3. Ordering Beekman to take all affirmative steps to restore, as nearly as practicable, the victims of Beekman's unlawful practices to the position they would have been in but for Beekman's discriminatory conduct;

4. Awarding monetary damages, pursuant to 42 U.S.C. § 3614(d)(1)(B), to all aggrieved persons;

5. Assessing a civil penalty against Beekman in an amount authorized by 42 U.S.C. § 3614(d)(1)(C) to vindicate the public interest; and

6. Granting such further relief as this Court may deem just and proper.

The United States respectfully requests trial by jury.

Dated: New York, New York
       3/3       , 2026

JAY CLAYTON
United States Attorney for the
Southern District of New York
*Attorney for the United States of America*

By: /s/ David J. Kennedy
DAVID J. KENNEDY
TOMOKO ONOZAWA
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2733/2721
Email: david.kennedy2@usdoj.gov
       tomoko.onozawa@usdoj.gov