UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

UNITED STATES OF AMERICA,

Plaintiff,

-against-

TOWN OF BEEKMAN,

Defendant.
---------------------------------------------------------------x

**ORDER**

26 Civ. 1816 (JGLC) (AEK)

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

The Court has received and reviewed the status reports submitted by Mr. Potter and counsel for the parties.

Defendant requests that the Court direct Mr. Potter to produce all account statements on or before August 15, 2026. *See* ECF No. 43 at 2. Defendant's request is DENIED. The Court does not view Mr. Potter's document production efforts as seeking to "avoid compliance," *see id.* at 2, with the document subpoena and the Court's prior orders. Rather, based on the Court's review of Mr. Potter's August 10, 2026 email, it appears that Mr. Potter has made good faith efforts to obtain the requested bank records from M&T Bank and other relevant records from storage. To the extent that Mr. Potter understands the Court's order only to require him to produce documents from M&T Bank, however, it should be clear from the Court's prior rulings made during the July 30, 2026 conference that he must produce documents not only from M&T Bank, but from any accounts with relevant financial information regarding the operations of the Bunkhouse, including but not limited to the Key Bank account and Amazon credit card account referenced in Defendant's August 10, 2026 letter. *Id.* Mr. Potter must produce these materials to Defendant as soon as practicable, and by absolutely no later than August 20, 2026. If it is

possible to produce responsive documents on a rolling basis, Mr. Potter must do so. In addition, Mr. Potter must communicate with Defendant's counsel regularly regarding his ongoing efforts to obtain the records.

Defendant requests that the Court direct Mr. Potter to provide the names and numbers of all financial accounts that he used so that Defendant can attempt to secure these records through subpoenas if necessary. *Id.* at 2. To the extent that this request seeks to compel Mr. Potter to provide this information prior to his deposition, this request is also DENIED. As made clear by Mr. Potter in his email to the Court, he does not have access to his account numbers at this time—indeed, based on his representations, if he did have this information, he may have been able to obtain his historical account records sooner. That said, Defendant's counsel is permitted to examine Mr. Potter—particularly in his capacity as a Rule 30(b)(6) corporate representative witness—regarding his relevant financial accounts and account numbers, and Mr. Potter should be prepared to answer such questions at his deposition.

Defendant indicates that given Mr. Potter's lack of communication, it is "deeply concerned that [it] will not receive any records prior to Mr. Potter's August 24, 2026 deposition." *Id.* The Court certainly hopes that this is not the case, particularly given the now-firm deadline of August 20, 2026 to complete the document production. But if Defendant's counsel does not receive the necessary documents prior to the deposition, or if the documents prove to be so voluminous that counsel does not have sufficient time to prepare the necessary lines of questioning in advance of the deposition, Defendant's counsel may reserve time to address any further questions about Mr. Potter's financial records in a continued deposition prior to the completion of preliminary hearing discovery (even if that continued deposition has to take place via video).

The parties are directed to file a joint status report by **August 31, 2026** regarding any and all outstanding discovery issues. The submission must, at a minimum, provide updates regarding: (1) Mr. Potter's production of financial records; (2) Mr. Potter's deposition; and (3) the status of the parties' efforts to schedule the Frustace deposition.

Chambers staff will send a copy of this order to Mr. Potter via e-mail at the address that Mr. Potter has used to communicate with the Court.

Dated: August 12, 2026
White Plains, New York

**SO ORDERED.**

ANDREW E. KRAUSE
United States Magistrate Judge