UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

UNITED STATES OF AMERICA,

Plaintiff,

-against-

TOWN OF BEEKMAN,

Defendant.
-----------------------------------------------------------x

**ORDER**

26 Civ. 1816 (JGLC) (AEK)

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

On August 20, 2026 at 2:35 a.m., the Court received an email from non-party Patrick Potter requesting (i) an extension of his August 20, 2026 deadline to produce certain financial records and (ii) an adjournment of his long-scheduled August 24, 2026 deposition "for a reasonable period to permit [him] to retain counsel and allow counsel sufficient time to become familiar with the record and prepare to represent [his] interests." *See* ECF No. 48-1. In response to the Court's order from later in the morning of August 20, 2026, *see* ECF No. 47, counsel for the United States of America and for the Town of Beekman submitted their responses to Mr. Potter's email, *see* ECF Nos. 48, 49.

First, because the Town of Beekman does not object to Mr. Potter's request for additional time to complete his document production, that portion of Mr. Potter's application is GRANTED. The document production must be completed by August 22, 2026 at 12:00 p.m. Eastern time.

Second, Mr. Potter's request to adjourn the August 24, 2026 deposition is DENIED, and the Court hereby orders that the deposition proceed on August 24 as scheduled. Mr. Potter claims that he has been seeking to retain counsel for approximately three weeks. Yet

inexplicably, the August 20, 2026 email was the first time Mr. Potter disclosed this to the Court or sought to move the deposition date. To make such a request on the eve of the deposition, when the parties already have spent substantial time and resources to prepare for the deposition, and structured the end of the preliminary discovery period at least in part around this critical testimony, is unreasonable and prejudicial.

Mr. Potter has had plenty of other opportunities to make a more timely request for an adjournment. He participated directly in an hours-long discovery hearing before the Court on July 29, 2026 (*i.e.*, almost exactly three weeks prior to the August 20, 2026 email), during which the timing of his deposition was discussed at length. In fact, at that time, Mr. Potter expressed a preference to have the deposition go forward on August 24, 2026, when he was scheduled to be in New York, rather than postponing the deposition to a later date, because various business and personal matters required him to be in California as much as possible. Another topic that was discussed at length at the July 29, 2026 conference was the fact that Mr. Potter has been represented by counsel—who is also a close personal friend—at various points during the course of the events that have given rise to this lawsuit. It is not clear why Mr. Potter is seeking to retain *different* counsel to assist him now, but if that had been his intention at or around the time of the July 29, 2026 conference, he certainly could and should have mentioned it. And even if Mr. Potter only decided that he wanted to retain counsel after the July 29, 2026 hearing, he did not request an adjournment of the deposition, or make any reference to his efforts to retain counsel, in his lengthy email to the Court on August 10, 2026 regarding the progress of his search for responsive documents. Indeed, that email detailed Mr. Potter's plans to obtain and produce the relevant materials during the week of August 17, which was very much consistent with the plan for his deposition to take place on August 24.

Moreover, Mr. Potter's proposed timeframe for delaying the deposition is completely untenable given the current discovery deadlines, even if it may be possible to extend those deadlines slightly in light of the fact that the preliminary injunction hearing is likely to be moved to October. *See* ECF No. 46. Mr. Potter is "hopeful" that he will be able to "finalize a decision concerning representation within approximately the next three weeks," and then believes that "counsel should have a reasonable opportunity to review the record," among other things. *See* ECF No. 48-1 at 2. This would seem to contemplate moving the deposition to late September or early October—which would be well after the current deadline for completion of all preliminary discovery, and barely before the potential rescheduled date for the preliminary injunction hearing before Judge Clarke. This is not acceptable. The discovery schedule here has been in place for months, and Mr. Potter's deposition has been on the calendar for nearly as long. Quite frankly, if it had been important enough to Mr. Potter to retain counsel for the August 24, 2026 deposition, he should have been able to do so in plenty of time.

The Court appreciates and understands that this matter has been taxing for Mr. Potter, especially in light of his various other obligations. But Mr. Potter is no ordinary self-represented party given his legal education, his professional experience and training, and his longstanding and sophisticated familiarity with all of the issues in this litigation. Mr. Potter should be more than capable of responding to questions at the deposition without jeopardizing his interests.

Accordingly, the deposition of Mr. Potter, both in his personal capacity and in his Rule 30(b)(6) capacity, shall proceed as scheduled on August 24, 2026.

* * * * * * * * * *

Chambers staff will send a copy of this order to Mr. Potter via e-mail at the address that Mr. Potter has used to communicate with the Court.

Dated: August 21, 2026
White Plains, New York

**SO ORDERED.**

ANDREW E. KRAUSE
United States Magistrate Judge