UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

UNITED STATES OF AMERICA,

Plaintiff,

-against-

TOWN OF BEEKMAN,

Defendant.
-----------------------------------------------------------x

**ORDER**

26 Civ. 1816 (JGLC) (AEK)

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

As directed at the October 1, 2026 discovery hearing, non-party Patrick Potter appeared in person before the undersigned at the White Plains federal courthouse on October 21, 2026 with certain documents for the Court to review *in camera*. Those documents were: (1) five "Bunkhouse Guest Agreement" packages, each of which consisted of 16 pages of materials, with signatures on pages 10 and 16 of each package; and (2) one "Scholarship Agreement" package, which consisted of nine pages of materials, with signatures on pages 2 and 9 of the package. It is the Court's understanding that these items have been produced in the litigation, but only in redacted form, with the names of the potential Bunkhouse residents redacted. *See* ECF No. 63 at 2-3. The purpose of the Court's review of these documents was to assess whether the documents appeared to have been signed by different potential Bunkhouse residents.

As an initial matter, Mr. Potter disclosed to the Court upon delivery of the documents that for one of the "Bunkhouse Guest Agreement" packages, he inadvertently did not retain a copy of the unredacted version of the package. In other words, the only version of that particular "Bunkhouse Guest Agreement" package that is in Mr. Potter's possession is the version with the

name and signature of the potential Bunkhouse resident redacted. Accordingly, the Court was not able to conduct any assessment of the names and signatures in that package.

Each of the four remaining "Bunkhouse Guest Agreement" packages, as well as the "Scholarship Agreement" package, contained the typewritten name of a unique individual potential Bunkhouse resident, and a unique signature for that individual. Each of the five signatures of the potential Bunkhouse residents matched the typewritten name in the document. While the Court does not purport to be a handwriting expert, the five signatures in these documents had different characteristics such that to a non-expert observer, they plainly appear to be signatures of five different people. Notably, Mr. Potter's distinctive signature (*see* ECF No. 63 at 3) appears on each of these five documents, and his signature does not in any way resemble any of the five signatures of the potential Bunkhouse residents who signed these documents.

* * * * * * * * * *

Chambers staff will send a copy of this order to Mr. Potter via e-mail at the address that Mr. Potter has used to communicate with the Court.

Dated: October 22, 2026
White Plains, New York

**SO ORDERED.**

Andrew Krause

ANDREW E. KRAUSE
United States Magistrate Judge