**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>-v-<br>TOWN OF BEEKMAN,<br>Defendant. | 26 Civ. 1816 (JGLC) (AEK) |

**~~[PROPOSED]~~ PRELIMINARY INJUNCTION (AMENDED OCT. 27, 2026)**

WHEREAS, plaintiff the United States of America (the "Government") notified defendant the Town of Beekman (the Town") by letter dated December 22, 2025, that it was prepared to file suit under the Fair Housing Act, as amended, 42 U.S.C. § 3601, *et seq*. (the "FHA"), alleging that the Town's refusal to allow Bunkhouse Recovery Ranch NY LLC ("Bunkhouse") and complainant Patrick Potter ("Potter") to operate an existing residential property located at 237 Hynes Road as a sober living home with up to twelve adult male residents in recovery from drug or alcohol addiction constituted discrimination on the basis of disability in violation of the FHA;

WHEREAS, the Government filed suit against the Town on March 5, 2026;

WHEREAS, the Government's complaint alleges first, that the Town improperly denied Bunkhouse's applications under the Beekman Town Code to operate the existing residential property as a sober home in violation of the FHA; second, that even if the Town had appropriately considered and denied those applications under the Beekman Town Code, it failed to consider whether Bunkhouse was entitled to a reasonable accommodation under the FHA; and

third, that certain provisions of Beekman's Town Code do not comply with the FHA;

WHEREAS, the Government's complaint notes that Beekman's Town Code defines "family" not as a unit of persons related by marriage, blood, or adoption, but instead as "[o]ne or more persons living together as a single housekeeping unit," Town Code § 155-4 (definition of "Family");

WHEREAS, the Town denies all allegations of wrongdoing and unlawful conduct and maintains that it has not discriminated against any person on the basis of disability;

WHEREAS, the Government advised the Town on February 13, 2026 that, absent an agreement on the terms of a preliminary injunction, the Government intended to move for a temporary restraining order and preliminary injunction ordering the Town to allow Bunkhouse to operate and maintain a sober home for residents in recovery from drug or alcohol addiction as soon as possible;

WHEREAS, the Government filed its application for a preliminary injunction on April 27, 2026 (ECF No. 7), disputing in its papers among other things the Town's determination that the proposed sober home was an "Alternate Care Facility" (ECF No. 11, at 20-22);

WHEREAS, on June 2, 2026, the Town opposed the Government's application for a preliminary injunction and moved to dismiss the complaint (ECF No. 23, 26, 27);

WHEREAS, on June 25, 2026, Potter and Hudson Valley Collective ("HVC"), an entity owned by Potter but with separate operations, financial records, and obligations from Bunkhouse, filed an application for a special use permit and site plan approval to use the premises at 237 Hynes Road as a residence for up to eight adult female residents in recovery from substance abuse disorder, reiterating their position that they were entitled to open the property "as a sober living residence for women in recovery, not as a medical facility, institutional facility, nursing home, adult-care facility, or licensed clinical treatment program"

(ECF No. 41-1, at 2);

WHEREAS, by Resolution approved October 16, 2026, a copy of which is annexed as Exhibit A, the Beekman Planning Board approved Potter and HVC's application for a sober living residence at 237 Hynes Road as an "Alternate Care Facility," subject to certain terms and conditions;

WHEREAS, while the United States, Potter, and HVC continue to dispute the classification of the proposed sober living home at 237 Hynes Road as an "Alternate Care Facility" but in order to avoid the uncertainty, time, and expense that would accompany further litigation of the preliminary injunction application, are willing to agree for the duration of this preliminary injunction to some of the terms and conditions imposed by the Town so that the proposed residents can obtain the services HVC will provide;

WHEREAS, permitting HVC to operate a sober living home in the Town will provide services for persons in recovery from drug or alcohol addiction who are not currently or illegally using drugs or alcohol and reduce the amount of monetary damages that Potter, Bunkhouse, and HVC may be entitled to recover in this action;

WHEREAS, the parties therefore agree to the entry of this preliminary injunction order, subject to the following, each of which is a material condition of the parties' agreement to the entry of the injunction order:

(a) the portions of the Resolution marked as sections A, B and C on Exhibit A are recitals that only identify the requirements that the Town acknowledges will be deemed satisfied by compliance with the conditions of the Resolution and are not, in themselves, separately enforceable as conditions;

(b) occupancy of the property shall be limited to individuals who do not require custodial care and are able to exit the building on their own, or Potter and/or HVC will ensure that

occupants have access to uninterrupted assistance to exit the building safely in the event of an emergency;

(c) prior to any occupancy of the premises Potter and/or HVC will satisfy the condition of paragraph [D](2)(e) of the Resolution requiring that Knox Boxes be installed at the rear door to the structure and at the entry gate to facilitate access by emergency services;

(d) prior to any occupancy of the premises, Potter will properly install UL listed smoke detectors/alarms in each bedroom, outside the bedrooms and on each floor and UL Listed Carbon monoxide detectors/alarms outside the bedrooms and on each floor of the building, consistent with the condition in paragraph [D](2)(d) of the Resolution;

(e) Potter and/or HVC will, on or before January 15, 2027, satisfy the condition of the Resolution paragraph [D](3) requiring the Applicant to pay to the Town the site plan review fee required by Town Code § 155-59, the special use permit fee required by Town Code § 155-60, and the inspection fee required by Town Code § 155-60(N);

(f) this agreement to the terms of the preliminary injunction is not an admission on the part of any party as to any liability whatsoever, but is a compromise of disputed liability and no action taken by the parties, or either of them, in connection with this preliminary injunction is or will be deemed or construed to be an admission of the truth or falsity of any claims or an acknowledgment or admission by any party of any fault or liability whatsoever to any other party, to Bunkhouse, HVC, Potter, or to any other person; and

(g) the entry of the Injunction does not make the Government, Potter, Bunkhouse, or HVC a prevailing party for any purpose;

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1. As of the date of this Injunction, and during the pendency of this Action, the Town shall permit HVC to operate the existing residential property located at 237 Hynes Road as a sober living home for individuals in recovery from drug or alcohol addiction in accordance with the terms of the Application and Resolution except as limited by this Injunction.

2. Except as permitted by this Injunction, Beekman is prohibited from enforcing, implementing, or otherwise giving force to and provision of the Beekman Zoning Code, or any regulation or act thereunder, that treats HVC as anything other than a single-family dwelling for zoning purposes.

3. HVC shall comply with all fire code and sewage treatment requirements applicable to a single-family dwelling of its size, and as set forth herein.

4. Potter and HVC shall limit occupancy of the property to no more than five residents, including resident-staff, pending the outcome of a determination from the Dutchess County Department of Health and New York State that HVC may operate at full capacity.

5. Provided that HVC limits occupancy of the premises to five persons, including resident-staff, the Town is prohibited from enforcing conditions in paragraph [D](2)(b), (2)(c), and (2)(d) of the Resolution. Upon compliance with any requirements imposed by the Dutchess County Department of Health and New York State to operate with more residents, Potter and HVC may increase the number of residents to the maximum amount, including resident-staff, permitted by Dutchess County and New York State, whichever is lower.

6. Nothing in this Injunction prohibits the Town from satisfying its legal

responsibilities to administer and enforce the New York State Uniform Fire Prevention and Building Code and the Dutchess County Sanitary Code, except as explicitly set forth herein.

7. The entry of this Injunction is without prejudice to any claims or defenses that either party may raise in this Action.

8. For the duration of this Injunction, either party shall provide the other party, upon reasonable notice, with records that the requesting party reasonably deems necessary to verify compliance with this Injunction and will make any employees with responsibilities relating to compliance with the Injunction available for inquiry by the requesting party, upon reasonable notice and conditions, with respect to issues relating to compliance with this Injunction, unless and until the requesting party intends to seek relief from the Court for an alleged violation of this Injunction, in which case it will so notify the responding party and the production of records and employees will be pursuant to the Federal Rules of Civil Procedure.

9. If either party, or any of its officials, employees, and agents, including any member of any official Town body, including but not limited to the Board of Trustees and the Zoning Board of Appeals, fails to comply with any of the terms of this Injunction, the requesting party, prior to seeking relief from the Court, shall notify counsel for the responding party in writing of that violation. Upon receipt of any such notice, the responding party shall have ten (10) business days to cure any noncompliance set forth herein. If the responding party does not cure such noncompliance within such ten (10) business day period, the requesting party may seek appropriate relief from the Court.

10. For the duration of this Injunction, Potter and HVC shall provide the Town, upon reasonable notice, with records that the Town reasonably deems necessary to

verify the compliance by Potter and HVC with this Injunction and will make Potter and HVC employees with responsibilities relating to the compliance with the Injunction available for inquiry by the Town, upon reasonable notice and conditions, with respect to issues relating to compliance with this Injunction, unless and until the Town intends to seek relief from the Court for an alleged violation of this Injunction, in which case it will so notify Potter and HVC and the production of records and employees will be pursuant to the Federal Rules of Civil Procedure.

11. This Injunction resolves the Government's application for a preliminary injunction, at ECF No. 7, as granted in part and denied in part, but does not resolve the Town's pending motion to dismiss the complaint. Because this Injunction does not resolve all claims and defenses in this case, the Action shall remain active on the Court's docket. No later than November 20, 2026, the parties shall file a proposed revised scheduling order to govern the remaining proceedings in this matter, with a completion date for all fact and expert discovery no later than April 30, 2027.

12. This Injunction shall remain in effect until the conclusion of this Action or the further order of the Court, whichever occurs first.

FOR PLAINTIFF UNITED STATES:

Dated: October _27_, 2026
New York, New York

JAMES M. MCDONALD
United States Attorney for the
Southern District of New York

By: ___*/s/ David J. Kennedy*_______________
DAVID J. KENNEDY
TOMOKO ONOZAWA
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2733 / 2721
david.kennedy2@usdoj.gov
tomoko.onozawa@usdoj.gov

FOR DEFENDANT TOWN OF BEEKMAN:

Dated: October _27_, 2026
White Plains, New York

ABRAMS FENSTERMAN, LLP
*Attorneys for Defendant Town of Beekman*

By: ___*/s/ Mary Desmond*_________________
Robert A. Spolzino
Mary Desmond
81 Main Street, Suite 400
White Plains, NY 10601
Tel.: (914) 607-7010
rspolzino@abramslaw.com
mdesmond@abramslaw.com

In light of the parties' stipulated preliminary injunction, the hearing scheduled for October 29, 2026, is CANCELED. The Government's motion for a preliminary injunction is DENIED as moot. The Clerk of Court is respectfully directed to terminate ECF No. 7.

SO ORDERED.

Jessica Clarke

JESSICA G. L. CLARKE
United States District Judge

Dated: October 28, 2026
White Plains, New York